# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | |
|---|---|
| **ILYANA ILIEVA,** ] | |
| **Plaintiff,** ] | |
| ] | **Case No. 3:26-cv-00116** |
| **v.** ] | |
| ] | |
| **BELMONT UNIVERSITY and RYAN** ] | |
| **SPLITTGERBER** ] | |
| **Defendants.** ] | |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants Belmont University ("Belmont" or "Defendant Belmont") and Ryan Splittgerber ("Dr. Splittgerber" or "Defendant Splittgerber") (collectively "Defendants"), respectfully submit the following Answer to Plaintiff Ilyana Ilieva's ("Plaintiff") Complaint.

The allegations in the opening unnumbered paragraph of the Complaint, being merely legal assertions or conclusions, require no response. Nevertheless, Defendants deny that plaintiff has stated a claim upon which any relief can be granted.

## JURISDICTION AND VENUE

1. Defendants deny Plaintiff has stated a claim for which relief can be granted under the Americans with Disabilities Act, or any other federal, state or local laws, rules, regulations or guidelines. Nevertheless, Defendants do not dispute that Plaintiff has asserted claims which properly fall under the subject matter jurisdiction of this Court.

2. Defendants deny Plaintiff has stated a claim for which relief can be granted for breach of express and implied contract, negligence, and battery, or any other federal, state or local laws, rules, regulations or guidelines as alleged in Paragraph 2 of the Complaint and its subparts. Nevertheless, Defendants do not dispute that Plaintiff has asserted claims which properly fall under the supplemental jurisdiction of this Court.

1

3. Defendants deny Plaintiff has stated a claim for which relief can be granted under any other federal, state or local laws, rules, regulations or guidelines. Nevertheless, Defendants do not dispute that Plaintiff has asserted claims for which venue is proper in this Court.

## PARTIES

4. Upon information and belief, Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

## FACTUAL AVERMENTS

7. Upon information and belief, Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore deny the same.

11. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore deny the same.

12. Defendants are without information or knowledge sufficient to form a belief as to whether or when Plaintiff experienced illness, whether or how often she was seen by any medical provider, or the cause of any such illness as alleged in Paragraph 12 of the Complaint. Defendants admit that, during her enrollment at the College of Medicine, Plaintiff submitted sick notes on multiple occasions before or following a missed academic commitment.

13. Defendants admit Plaintiff missed numerous classes, lectures, labs, practicums, medical school functions, tests, and exams while attending medical school at Belmont University. Defendants lack information or knowledge sufficient to form a belief as to the reason for each of these absences. Defendants deny these absences were consistently communicated in advance or that a reason was provided related to each absence. Defendants deny the remaining allegations in Paragraph 13 on the Complaint.

14. Defendants admit Plaintiff told medical school staff she missed classes, labs, tests, exams, and practicums due to an alleged disability. Defendants admit Dr. Ruth Stewart and the Office of Medical Education assisted with rescheduling missed exams pursuant to Belmont University's policy and the reasonable accommodations provided to Plaintiff. Defendants deny either Dr. Stewart or any employee of the Office of Medical Education acted hostile toward Plaintiff at any time.

15. Defendants admit Plaintiff performed poorly. Defendants are without information or knowledge sufficient to form a belief as to the reason for this poor performance and therefore deny any personal medical issues and alleged disabilities impacted Plaintiff's performance.

16. Defendants are without information or knowledge sufficient to form a belief as to any advice Plaintiff received from her medical providers as alleged in Paragraph 16 and therefore deny the same. Defendants admit Plaintiff told Defendant Belmont that her medical provider had recommended certain accommodations. Defendants admit Plaintiff requested accommodations of a flexible testing schedule and extra time to complete assignments, which Defendant Belmont provided. Defendants further state that the only accommodations Plaintiff requested were a flexible testing schedule and a reduced distraction environment for completing exams.

3

17. Defendants admit Plaintiff requested accommodations. Defendants deny Plaintiff provided comprehensive medical records to Belmont University or the College of Medicine. Defendants further admit Plaintiff submitted the requisite paperwork to receive accommodations.

18. Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit Defendant Belmont permitted Plaintiff to take exams in a reduced distractions environment. Defendants admit that Defendant Belmont initially denied Plaintiff's requested accommodation of making up missed tests and exams within 7 days of an absence due to her alleged disability, and instead proposed the alternative accommodation of making up missed tests and exams on the next curriculum day after the absence, or within two (2) to three (3) days and making up missed quizzes before the Quiz Debrief.

21a. Defendants deny that Plaintiff's exam scores improved after Defendant Belmont permitted her to take exams in reduced distractions environment. Defendants also deny that Defendant Belmont did not consistently permit Plaintiff the ability to take exams in a reduced distractions environment or make up missed exams in accordance with the College of Medicine's policy. Plaintiff's contention that she "would have" performed better and remained in the program had different conditions existed is merely speculative, and Defendants therefore deny the same.

22. Defendants admit, upon information and belief, that Plaintiff met with Holly Randa on multiple occasions. Defendants deny Belmont denied Plaintiff reasonable accommodations.

23. Defendants admit Defendant Belmont upheld its decision to provide an alternative exam make-up accommodation, as Plaintiff's requested accommodation created an undue burden.

Defendants deny Ms. Randa's statement that Plaintiff's requested accommodation created an undue burden was incorrect or made in bad faith.

24. Defendants deny that other students at the College of Medicine were frequently permitted to make up exams or tests after it was given. Defendants admit that, on occasion, students at the College of Medicine, including Plaintiff, have been permitted to make up an exam or test more than seven days after the scheduled date.

25. Defendants deny that Plaintiff was denied reasonable accommodations. The remaining allegations in Paragraph 25 of the Complaint, being merely speculative, are denied.

26. Defendants admit they became aware of Plaintiff frequently missing classes and other requirements and referred her to the College of Medicine Student Assessment and Promotions Committee ("SAPC"). Defendants deny they were aware of any of Plaintiff's alleged disabilities or medical conditions.

27. Defendants admit SAPC recommended Plaintiff restart medical school the following year due to her poor performance. Defendants admit Plaintiff appealed this decision. Defendants deny that Dr. Stewart or any other employee of Belmont "sabotaged" Plaintiff in any way. Defendants further deny that Dr. Stewart or any other employee of Defendant Belmont yelled at Plaintiff, advised Plaintiff not to appeal the SAPC decision, or attempted to undercut Plaintiff's ability to remain enrolled at the College of Medicine.

28. Defendants admit Belmont formed an *ad hoc* committee to review the SAPC recommendation.

29. Defendants admit Defendant Splittgerber served on the *ad hoc* committee. Defendants further admit that Defendant Splittgerber informed Plaintiff that the identities of the members of the committee were confidential from other students and faculty. Defendants deny that

5

Defendant Splittgerber made any assurances to Plaintiff about her ability to remain enrolled or promises to help her catch up or be successful as a medical student beyond the obligation Defendant Splittgerber has to all medical students.

30. Defendants admit that on December 1, 2024 the *ad hoc* committee declined to follow the SAPC recommendation and the Dean of the medical school agreed with such decision.

31. Defendants deny Defendant Splittgerber inappropriately touched Plaintiff at any time.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants admit Defendant Splittgerber was and is in charge of the anatomy lab at the College of Medicine. Defendants deny Defendant Splittgerber acted inappropriately toward Plaintiff in that class or at any other time. Defendants further deny Defendant Splittgerber asked Plaintiff to travel to Memphis with him to watch his child's soccer game.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants admit that certain faculty members noticed Plaintiff becoming fixated on Defendant Splittgerber, frequently waiting outside his office or looking for him on campus. Defendants further admit that Plaintiff often met with Defendant Splittgerber in his office alone to discuss academic matters. Defendants deny any inappropriate behavior occurred during these meetings.

36. Defendants deny Defendant Splittgerber endeavored to "avoid suspicion" or avoid others witnessing his meeting with Plaintiff. Defendants further deny Defendant Splittgerber sought to keep Plaintiff in close proximity to him.

36(a). Defendants admit Defendant Splittgerber occasionally met with Plaintiff prior to daily classes beginning. Defendants deny these meetings were scheduled to avoid other faculty members, staff, or students.

36(b). Defendants admit Defendant Splittgerber met with Plaintiff in a "private, windowless office," but deny Defendant Splittgerber ever met with Plaintiff with the door closed. Rather, on more than one occasion, Defendant Splittgerber worked in the anatomy lab office to avoid Plaintiff's excessive office visits. Defendants admit Plaintiff sought Defendant Splittgerber out in this office for unscheduled meetings, at which times Defendant Splittgerber either escorted her out or briefly met with Plaintiff with the door open. Defendants further deny Defendant Splittgerber touched or pressed against Plaintiff at any time.

36(c). Defendants deny Defendant Splittgerber offered Plaintiff private tutoring at any time. Defendants also deny that Defendant Splittgerber made any advances toward Plaintiff or touched her inappropriately at any time.

36(d). Defendants deny Defendant Splittgerber told Plaintiff he would ensure she would stay in school.

37. Defendants admit Defendant Splittgerber held a position of authority over Plaintiff. Defendants deny Defendant Splittgerber used this position in any inappropriate way. Defendants also deny Defendant Splittgerber told Plaintiff or intentionally led her to believe that he could keep her in good standing at the College of Medicine or ensure that she could remain a student.

38. Defendants deny Defendant Splittgerber told Plaintiff not to tell anyone about any of his actions or that Defendant Splittgerber ever acted inappropriately toward Plaintiff. Defendants further deny that Defendant Splittgerber told Plaintiff that she was overthinking.

39. Defendants admit the allegations contained in Paragraph 39 of the Complaint.

40. Defendants admit Plaintiff shared the letter dismissing her from the College of Medicine with Defendant Splittgerber.

7

41. Defendants deny Defendant Splittgerber told Plaintiff that he would talk to faculty about reversing the dismissal at any time.

42. Defendants admit Defendant Splittgerber told Plaintiff that he had not and would not talk to faculty about reversing any decision about Plaintiff's enrollment in the College of Medicine beyond his obligations as a faculty member.

43. Defendants admit Plaintiff appealed the decision within the allotted time.

44. Defendants admit that Defendant Belmont informed Plaintiff that her appeal had been denied and the dismissal from the College of Medicine was upheld on March 14, 2025.

44a. The allegations contained in Paragraph 44a. of the Complaint, being merely legal assertions or conclusions, require no response. Nonetheless, Defendants deny the allegations contained in Paragraph 44a. of the Complaint.

45. Defendants admit the allegations in Paragraph 45 of the Complaint.

46. The allegations contained in Paragraph 46 of the Complaint, being merely legal assertions or conclusions, require no response. Nonetheless, Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants admit the allegations in Paragraph 47 of the Complaint.

48. Defendants admit the allegations in Paragraph 48 of the Complaint.

49. Defendants admit the allegations in Paragraph 49 of the Complaint.

50. Defendants admit the allegations in Paragraph 50 of the Complaint.

51. Defendants admit the allegations in Paragraph 51 of the Complaint.

52. Defendants admit that the Student Handbook contains the quoted language. Defendants deny that Defendant Belmont's Associate Dean did not counsel Plaintiff about the option of taking a leave of absence.

8

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

**ALLEGED INJURIES, HARM AND LOSSES TO PLAINTIFF**

54. The allegations contained in Paragraph 54 of the Complaint, being merely legal assertions or conclusions, require no response. Nonetheless, Defendants deny the allegations contained in Paragraph 54 of the Complaint.

**ALLEGED VIOLATIONS OF LAW**
**COUNT I: ALLEGED BREACH OF CONTRACT**

55. In response to Paragraph 55 of the Complaint, Defendants hereby incorporate by reference their responses above to Paragraphs 1-54.

56. Defendants admit the Student Handbook and Bruin Guide for academic year 2024-2025 set forth policies and procedures for Belmont and the College of Medicine. The remaining allegations contained in Paragraph 56 of the Complaint, being merely legal assertions or conclusions, require no response. Nonetheless, Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants admit the allegations contained in Paragraph 57 of the Complaint.

58. Defendants admit that Defendant Belmont does not discriminate on the basis of disability. The remaining allegations contained in Paragraph 58 of the Complaint, being merely legal assertions of conclusions, require no response. Nonetheless, Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. The allegations contained in Paragraph 59 of the Complaint being merely legal assertions or conclusions, require no response. Nonetheless, Defendants deny Defendant Belmont discriminated against Plaintiff or breached any alleged contract with Plaintiff.

9

60. The allegations contained in Paragraph 60 of the Complaint, being merely legal assertions or conclusions, require no response. Nonetheless, Defendants deny Defendant Belmont breached any alleged contract with Plaintiff or violated any provision of the ADA.

61. Defendants deny that Defendant Belmont or any of its agents or representatives, including Defendant Splittgerber, "sabotaged" Plaintiff's schedule or treated her different from any similarly situated students. The remaining allegations contained in Paragraph 61 of the Complaint, being merely legal assertions of conclusions, require no response. Nonetheless, Defendants deny Defendant Belmont or any of its employees discriminated against Plaintiff at any time or breached any alleged contract with Plaintiff.

62. The allegations contained in Paragraph 62 of the Complaint, being merely legal assertions or conclusions, require no response. Nonetheless, Defendants deny it breached in any alleged contract with Plaintiff.

63. Defendants admit Defendant Belmont provided Plaintiff with testing accommodations consisting of a distraction-free testing environment. Defendants deny Defendant Belmont failed to provide this accommodation at any point.

64. Defendants deny Defendant Splittgerber acted in any inappropriate manner toward Plaintiff, including, but not limited to, inappropriately touching her. The remaining allegations contained in Paragraph 64 of the Complaint, being merely legal assertions of conclusion, require no response. Nonetheless, Defendants deny any contract existed between Defendant Belmont and Plaintiff.

65. Defendants deny that Defendant Belmont denied Plaintiff any reasonable accommodations. The remaining allegations contained in Paragraph 65 of the Complaint, being

merely legal assertions of conclusions, require no response. Nevertheless, Defendants deny Defendant Belmont discriminated against Plaintiff on the basis of her disability.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. The allegations contained in Paragraph 67 of the Complaint being merely legal assertions or conclusions, require no response. Nonetheless, Defendants deny Defendant Belmont breached any alleged contract with Plaintiff.

68. Defendants deny Defendant Belmont had an obligation to offer counseling or to counsel Plaintiff, and further deny the implication that Defendant Belmont did not counsel Plaintiff. Defendants further deny Defendant Belmont denied any reasonable accommodations. The remaining allegations contained in Paragraph 68 of the Complaint, being merely legal assertions of conclusions, require no response. Nonetheless, Defendants deny Defendant Belmont breached any alleged contract with Plaintiff.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. The allegations contained in Paragraph 72 of the Complaint, being merely legal assertions of conclusions, require no response. Nonetheless, Defendants deny any actions by them or their agents or representatives caused damage to Plaintiff as alleged in Paragraph 72 of the Complaint.

**COUNT II: ALLEGED QUASI CONTRACT OR CONTRACT IMPLIED BY LAW**

73. In response to Paragraph 73 of the Complaint, Defendants hereby incorporate by reference their responses above to Paragraphs 1-72.

74. Paragraph 74 of the Complaint contains a statement to which no response is required. Nonetheless, Defendants deny Plaintiff has stated a claim for which relief can be granted.

75. The allegations contained in Paragraph 75 of the Complaint being merely legal assertions or conclusions, require no response.

76. Defendants admit the allegations contained in Paragraph 76 of the Complaint.

77. Defendants admit the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. The allegations contained in Paragraph 79 of the Complaint, being merely legal assertions of conclusions, require no response. Nonetheless, Defendants deny Plaintiff has stated a claim for which relief can be granted.

## COUNT III: ALLEGED VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

80. In response to Paragraph 80 of the Complaint, Defendants hereby incorporate by reference their responses above to Paragraphs 1-79.

81. Defendants admit Plaintiff has brought claims under Title II of the Americans with Disabilities Act. Defendants deny Plaintiff has stated a claim for which relief can be granted.

82. The allegations contained in Paragraph 82 of the Complaint, being merely legal assertions or conclusions, require no response. Nonetheless, Defendants deny Plaintiff is a person with a disability as alleged in Paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants admit the allegations contained in Paragraph 85 of the Complaint.

86. Defendants state that the ADA speaks for itself.

87. Defendants state that the ADA speaks for itself. Nevertheless, Defendants admit the allegations contained in Paragraph 87 of the Complaint.

88. The allegations contained in Paragraph 88 are vague such that Defendant's cannot admit or deny them. Nonetheless, Defendants admit Plaintiff met with officials representing Defendant Belmont regarding issues related to Title II of the ADA and her requests for accommodations.

89. Defendants admit that Defendant Belmont permitted Plaintiff to take exams in an environment with reduced distractions. Defendants deny Defendant Belmont was inconsistent or failed, at any point, in permitting Plaintiff access to this testing environment. The remaining allegations contained in Paragraph 89 of the Complaint, being merely legal assertions or conclusions, require no response. Nevertheless, Defendants deny Defendant Belmont discriminated against Plaintiff in violation of the ADA.

90. Defendants admit Defendant Belmont did not allow Plaintiff her preferred accommodation, but instead offered an alternative accommodation that did not create an undue burden. The remaining allegations contained in Paragraph 90 of the Complaint, being merely legal assertions or conclusions, require no response. Nevertheless, Defendants deny Defendant Belmont discriminated against Plaintiff in violation of the ADA.

91. The allegations contained in Paragraph 91 of the Complaint being merely legal assertions or conclusions, require no response. Nevertheless, Defendants deny Defendant Belmont discriminated against Plaintiff in violation of the ADA.

92. The allegations contained in Paragraph 92 of the Complaint, being merely legal assertions of conclusions, require no response. Nonetheless, Defendants deny Plaintiff has stated a claim for which relief can be granted.

## COUNT IV: ALLEGED BATTERY

93. In response to Paragraph 93 of the Complaint, Defendants hereby incorporate by reference their responses above to Paragraphs 1-92.

94. The allegations contained in Paragraph 94 of the Complaint, being merely legal assertions or conclusions, require no response. Nevertheless, Defendants deny Defendant Splittgerber committed the tort of battery.

95. Defendants deny Defendant Splittgerber inappropriately touched Plaintiff at any point.

96. Defendants deny Defendant Splittgerber touched Plaintiff with his hand on her legs, lower or upper back, hip, shoulders, neck, or ear. Defendants further deny Defendant Splittgerber pressed his arm or body against Plaintiff's breasts at any time. Additionally, Defendants deny Defendant Splittgerber rubbed his face against Plaintiff's face or intentionally touched Plaintiff's shoes with his at any time. Defendants lack knowledge or information sufficient to admit or deny whether Plaintiff desired to be touched by Defendant Splittgerber.

97. Defendants admit Defendant Splittgerber is in charge of the anatomy lab. Defendants deny Defendant Splittgerber pressed his erect penis against Plaintiff's body during anatomy lab or at any other time.

98. Defendants deny Plaintiff was the recipient of any unwanted touching by Defendant Splittgerber at any location, including on Defendant Belmont's campus.

99. Defendants deny Defendant Splittgerber made any unwanted advances of any kind toward Plaintiff at any time. Defendants further deny Defendant Splittgerber engaged in any act that caused damage to Plaintiff.

100. Defendants deny Defendant Splittgerber made any intentional unlawful or offensive physical contact with Plaintiff at any time.

101. Defendants deny Defendant Splittgerber engaged in any unlawful acts. Defendants further deny Defendants engaged in any action, intentional or otherwise, that caused damage to Plaintiff.

102. Defendants deny Plaintiff was injured by any act of either Defendant.

103. The allegations contained in Paragraph 103 of the Complaint, being merely legal assertions or conclusions, require no response. Nevertheless, Defendants deny Defendant Splittgerber committed the tort of battery against Plaintiff.

## COUNT V: ALLEGED NEGLIGENCE AGAINST DEFENDANT BELMONT

104. In response to Paragraph 104 of the Complaint, Defendants hereby incorporate by reference their responses above to Paragraphs 1-103.

105. Defendants deny Defendant Splittgerber had a record at any other school of inappropriately touching female students or of sexual harassment.

106. Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in Paragraph 109 of the Complaint.

109. Defendants admit Defendant Splittgerber had access to a windowless office. Defendants deny this office was provided for Defendant Splittgerber's dedicated use.

110. Defendants deny College of Medicine faculty knew or witnessed Plaintiff being alone at odd times. Rather, College of Medicine faculty noticed Plaintiff excessively seeking Defendant Splittgerber out, causing Defendant Splittgerber to actively avoid Plaintiff with the assistance of other faculty members.

111. Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112. Defendants deny the allegations contained in Paragraph 112 of the Complaint.

15

113.     Defendants deny the allegations contained in Paragraph 113 of the Complaint.

## ALLEGED DAMAGES

114.     The allegations contained in Paragraph 114 of the Complaint, being merely legal assertions of conclusions, require no response. Nonetheless, Defendants deny Plaintiff has stated a claim for which relief can be granted.

115.     Defendants deny Plaintiff has stated a claim for which relief can be granted or that Plaintiff is owed any damages from Defendants.

116.     Defendants deny Plaintiff has stated a claim for which relief can be granted or that Plaintiff is owed any damages from Defendants.

117.     Defendants deny Defendant Splittgerber made sexual advances toward Plaintiff or intentionally touched her at any time. Defendants further deny Defendant Splittgerber assured Plaintiff she would remain in medical school. The remaining allegations, being merely legal assertions of conclusions, require no response. Nevertheless, Defendants deny the remaining allegations set forth in Paragraph 117 of the Complaint.

118.     Defendants deny Plaintiff has stated a claim for which relief can be granted or that Plaintiff is owed any damages from Defendants.

## INJUNCTIVE RELIEF

119.     Defendants admit Plaintiff was dismissed from the College of Medicine. Defendants deny any actions of Defendant Belmont caused harm or injury to Plaintiff.

120.     Defendants deny Plaintiff has stated a claim for which relief can be granted or that Plaintiff may recover injunctive relief from Defendants.

## JURY TRIAL DEMAND

16

121.     Paragraph 121 of the Complaint contains only a jury demand, which requires no response.

The remaining paragraphs of the Complaint, being only a prayer for relief, require no response. Nonetheless, Defendants deny Plaintiff has stated a claim for which relief can be granted and deny that Plaintiff is entitled to any relief from either Defendant.

Any allegations set forth in the Amended Complaint to which Defendants have failed to respond are hereby denied.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Without prejudice or waiver of the foregoing, Defendants assert, rely on, and plead any defense to which Defendants may be entitled to under any applicable federal, state, or local law or regulation, including the following:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted; therefore, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6), Rule 12(c), or both.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the applicable statute(s) of limitations, or statute(s) of repose, or both.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, res judicata, unclean hands, or any combination thereof.

## FOURTH AFFIRMATIVE DEFENSE

17

Plaintiff's claims are barred, in whole or in part, because alleged damages, if any, are the result of Plaintiff's own actions or inactions, or the actions or inactions of third parties, such actions or inactions being the sole proximate cause of alleged damages or, in the alternative, a contributing cause of such alleged damages.

<u>**FIFTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are barred, in whole or in part, by the statutory caps contained in the relevant statutes, the statutes under which Plaintiff seeks relief, or both.

<u>**SIXTH AFFIRMATIVE DEFENSE**</u>

To the extent any employee or agent of Defendant Belmont may be found to have engaged in any improper behavior, which is denied, Defendant Belmont is not liable for such behavior because it was outside the course and scope of any duties performed for or on behalf of Defendant Belmont and was neither condoned nor ratified by Defendant Belmont.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer an adverse action by (or legally attributable to) Defendant Belmont.

<u>**EIGHTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are barred, in whole or in part, because Defendant Belmont honestly and in good faith believed the basis and reasons for any adverse action it took against Plaintiff, such as Plaintiff's dismissal.

<u>**NINTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot demonstrate that any action taken by Defendant Belmont regarding her enrollment at the College of Medicine was pretext for unlawful discrimination.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because alleged damages, if any, were proximately caused by an independent intervening cause over which Defendants had no control nor right to control.

## ELEVENTH AFFIRMATIVE DEFENSE

In the event Defendants discover or otherwise learn of evidence to which the "after acquired evidence" doctrine applies, Plaintiff shall be then and thereafter barred or limited from recovery or remedy pursuant to said doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, to the extent they are found to be frivolous, groundless, and/or unreasonable. In such a case, Defendants are entitled to attorney fees and other costs incurred in connection with the defense of this action

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable for Plaintiff's claim for damages set forth in the Complaint to the extent Plaintiffs seek redress for physical or emotional injuries arising from preexisting physical or mental conditions.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants never took any actions against Plaintiff that were intentional, fraudulent, willful, or in reckless disregard of Plaintiff or her legal rights, and Plaintiff cannot carry her heavy burden of proving otherwise by clear and convincing evidence.

## FIFTEENTH AFFIRMATIVE DEFENSE

19

Defendant Belmont exercised reasonable care to prevent and correct any discriminatory conduct, and Plaintiff unreasonably failed to take advantage of such opportunities or to otherwise avoid harm.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent the actions and decisions of management-level employees of Defendant Belmont as alleged in the Complaint are contrary to Defendant Belmont's good faith efforts to comply with applicable laws, such actions would be outside the course and scope of their employment and would prevent an award of punitive damages.

Defendants reserve the right to add further affirmative defenses.

### PRAYER FOR RELIEF

Defendants respectfully pray that this Court:

1. Enter an order dismissing with prejudice the Complaint and all claims therein;

2. Award Defendants the costs and attorney fees incurred by them in connection with this action; and

3. Grant any such other, further, or proper relief to which Defendants may be entitled.

Respectfully submitted,

*/s/ Jennifer S. Rusie*
Jennifer S. Rusie, BPR No. 026009
Lauren Irwin, BPR No. 038433
**JACKSON LEWIS, P.C.**
611 Commerce Street, Suite 2803
Nashville, TN 37203
(615) 565-1664
jennifer.rusie@jacksonlewis.com
lauren.irwin@jacksonlewis.com

*Attorneys for Defendant*

20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 10, 2026, the foregoing *ANSWER* was served via the Court's ECF system upon the following:

Perry A. Craft
Law Office of Perry A. Craft, PLLC
402 BNA Drive, Suite 402
Nashville, Tennessee 37217
Email: perrycraft@craftlegal.com

*/s/ Jennifer Rusie*

4935-5031-3120, v. 1

21